**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JERMAINE MAURICE HARRIS,
  *Defendant-Appellant.*

No. 02-4263

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-00-331-L)

Submitted: August 16, 2002

Decided: September 3, 2002

Before LUTTIG and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Baltimore, Maryland, for
Appellant. Thomas M. DiBiagio, United States Attorney, Christopher
J. Romano, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jermaine Maurice Harris appeals his conviction following a jury trial of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). Harris was sentenced to sixty-three months in prison and three years of supervised release. We affirm.

Harris argues the district court erred when it gave a jury instruction regarding flight. The district court's decision to give the jury instruction and the content of the instruction are reviewed for abuse of discretion. *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). Generally, a consciousness of guilt may be deduced from evidence of flight, and a jury's guilty finding may be supported by consciousness of guilt. *United States v. Obi*, 239 F.3d 662, 665 (4th Cir.), *cert. denied*, 122 S. Ct. 86 (2001). In order for a flight instruction to be appropriate, the evidence must establish all the supporting inferences that link the flight to consciousness of guilt for the crime charged. *Id.* Thus, the evidence must establish that the defendant fled or attempted to flee, and the evidence must support "inferences that (1) the defendant's flight was the product of consciousness of guilt, and (2) his consciousness of guilt was in relation to the crime with which he was ultimately charged and on which the evidence is offered." *Id.*

We have reviewed the evidence in light of these considerations and find no abuse of discretion. We therefore affirm Harris' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*